IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

MICHAEL JONES #22172-044       §

v.       §       CIVIL ACTION NO. 5:07cv158

FEDERAL BUREAU OF PRISONS,       §
ET AL.

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

      The Plaintiff Michael Jones, proceeding *pro se*, filed this civil action complaining of alleged violations of his rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  Jones sues the Federal Bureau of Prisons; Warden Gunja of the federal prison in Springfield, Missouri; Eric Jennings, a recreation officer at the prison in Springfield; Rebecca Tamez, an administrator at the Designation and Sentence Computation Center in Grand Prairie, Texas; Paul Kastner, the warden of the prison in Texarkana; Patricia Anthony, a unit manager at the prison in Texarkana; and Robert Smith, a case manager at the prison in Texarkana.

      Jones stated that he was transferred to the U.S. Medical Center prison in Springfield, Missouri, from Texarkana in September of 2006.  He filed grievances against Officer Jennings, and Jennings retaliated against him.  He was later transferred back to Texarkana for "program failure," which transfer Jones says was also retaliatory.  He complains of harassment, threats, retaliation, and a "false transfer" based on "fabricated and fictitious documents."

      After review of the pleadings, the Magistrate Judge issued a Report on May 13, 2008, recommending that the lawsuit be dismissed.  The Magistrate Judge noted that Jones had filed at

1

least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted.

Thus, the Magistrate Judge said, Jones is subject to the provisions of 28 U.S.C. §1915(g), which provides that he cannot bring any civil actions under the *in forma pauperis* statutes unless he is in imminent danger of serious physical injury as of the time of the filing of the lawsuit. Because Jones did not pay the filing fee nor show that he is in imminent danger of serious physical injury, the Magistrate Judge recommended that the lawsuit be dismissed, but also recommended that Jones be given 15 days from the date of entry of the order of dismissal in which to pay the full filing fee, and his lawsuit would be allowed to proceed as though the full fee had been paid from the outset.

Jones filed objections to the Magistrate Judge's Report on May 21, 2008.  These objections request that the Court set up a payment plan in order that he can make payments on the fee until the entire sum is paid.  He says that he has set out a chronology of events from which retaliation can be inferred and that he has exhausted his administrative remedies.  Finally, Jones asks that the Report be dismissed as moot because he did not give consent for the Magistrate Judge to hear his case, and had he received a consent form, he would have requested that the Magistrate Judge be removed based upon the rulings which he and other inmates have received from the Magistrate Judges in the Texarkana Division of the Eastern District of Texas.

Jones' objections are without merit.  In requesting that a payment plan be set up, he is in effect requesting that he be allowed to proceed under the *in forma pauperis* statute, which is prohibited by Section 1915(g).  The fact that he was assessed an initial partial filing fee, and has paid this fee, is of no moment.  His case was filed and given a docket number, and he owed the full filing fee at the moment that the case was filed.  Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). This is true even where the complaint is subject to dismissal under 28 U.S.C. §1915(g).  *See* In re Alea, 286 F.3d 378 (6th Cir. 2002); Anderson v. Sundquist, 1 F.Supp.2nd 828, 830 (W.D.Tenn. 1998).  As the Magistrate Judge recommended, Jones shall have 15 days from the date of entry of final judgment in which to pay the full filing fee, and if he does so, his lawsuit will be allowed to

2

proceed as though the full fee had been paid from the outset.  His objection on this ground is without merit.

Next, Jones says that he has set out a chronology from which retaliation may plausibly be inferred and that he has exhausted his administrative remedies.  However, these allegations do not show that he is in imminent danger of serious physical injury, nor do these allegations set out recognized exceptions to Section 1915(g).  These objections are without merit.

Finally, Jones complains that he did not consent to having the Magistrate Judge hear his case and would have asked that the Magistrate Judge be removed from his case based on rulings he and other inmates have received.  The case was referred to the Magistrate Judge for pre-trial matters pursuant to 28 U.S.C. §636(b), for which no consent is necessary.  While the consent of the parties is necessary to allow the Magistrate Judge to conduct all proceedings and enter final judgment under 28 U.S.C. §636(c), that has not occurred in this case.  Had Jones requested that the Magistrate Judge been removed based on rulings he and other inmates have received in other cases, such a request would in all likelihood have been denied; it is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal.  *See* Liteky v. United States, 114 S.Ct. 1147, 1157 (1994), *citing* United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  Jones' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice

3

to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee.  It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of June, 2008.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE